IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE |
| v. | ) |
| | ) |
| $26,000.00 U.S. CURRENCY SEIZED FROM MICHAEL LEWIS ON MAY 28, 2019, PURSUANT TO THE EXECUTION OF A FEDERAL SEARCH WARRANT, | ) ) ) ) |
| | ) |
| 2010 CADILLAC DTS, OHIO PLATE: HRV8926, VIN: 1G6KD5EY2AU133719, SEIZED ON MAY 28, 2019, PURSUANT TO THE EXECUTION OF A FEDERAL SEARCH WARRANT, | ) ) ) ) ) |
| | ) |
| Defendants. | ) **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and James L. Morford, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C.

Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6) (currency) and 21 U.S.C. Section 881(a)(4) (vehicle).

2. This Court has *in rem* jurisdiction over the defendant properties under: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district and the defendant vehicle is found in this district.

3. This Court will have control over the defendant properties through service of arrest warrants *in rem*, which the United States Marshals Service will execute upon the defendant properties. *See*, Supplemental Rule G(3)(b) and G(3)(c).

4. Venue is proper in this district under: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1395 because the action accrued in this district and the defendant vehicle is found in this district.

5. The defendant vehicle – a 2010 Cadillac DTS - is titled to Michael Lewis and is valued at approximately $4,725.00. The Vehicle Identification Number (VIN) is: 1G6KD5EY2AU133719, and the license plate number is: HRV8926 (Ohio).

6. On May 28, 2019, the defendant properties were seized at the Raccoon Drive NE, Warren, Ohio residence of Michael Lewis pursuant to the execution of a federal search warrant. The defendant properties are now in the custody of the federal government.

7. The Drug Enforcement Administration (DEA) commenced an administrative forfeiture proceeding against the defendant properties. A claim to the defendant properties was submitted in the administrative forfeiture proceeding by Michael Lewis, thereby requiring the filing of this judicial forfeiture action.

8. The defendant $26,000.00 U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds traceable to illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

9. The defendant vehicle is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(4) in that: (i) it was used to transport a controlled substance (crack cocaine); and/or, (ii) it was used, in any manner, to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance (crack cocaine).

## FORFEITURE

10. In the early spring of 2019, the Pennsylvania Office of Attorney General (OAG) identified Michael Lewis as a multi-ounce distributor of cocaine hydrochloride (HCL) and cocaine base (crack) operating in the Warren, Ohio and Sharon, Pennsylvania areas. Lewis resided at a location on Raccoon Drive NE in Warren, Ohio.

11. The Drug Enforcement Administration (DEA), Youngstown Resident Office, assisted the Pennsylvania OAG with its investigation of the illicit narcotics trafficking activities of Lewis.

12. Prior to April, 2019, Lewis had conducted narcotics transactions from his Raccoon Drive NE, Warren, Ohio residence.

13. During the spring of 2019, Lewis conducted a narcotics transaction from the defendant 2010 Cadillac DTS. Particularly, members of the DEA Youngstown Resident Office observed Lewis drive the defendant vehicle (Ohio license plate: HRV8926) from his Raccoon Drive NE residence to a location in the Warren/Sharon area. From the defendant vehicle, Lewis

sold in excess of approximately 10 grams of crack cocaine (lab analysis pending) to a drug customer for an amount of U.S. currency in excess of $500.00.

14. Also during the spring of 2019 - in the Warren/Sharon area - Lewis sold approximately one ounce of crack cocaine (lab analysis pending) to a drug customer for an amount of U.S. currency in excess of $1,000.00.

15. On May 28, 2019, members of the DEA Youngstown Resident Office established surveillance on Lewis' Raccoon Drive NE residence in anticipation of the execution of a federal search warrant.

16. Contemporaneously, with the execution of the search warrant - at approximately 8:00 p.m. - a uniformed Pennsylvania State Police trooper in a marked unit was able to initiate a traffic stop on the vehicle driven by Lewis in Sharon, Pennsylvania.

17. Investigators with the Pennsylvania OAG and Pennsylvania State Police subsequently conducted an interview of Lewis. Lewis was read his *Miranda* warnings and was informed of the on-going drug investigation and the search warrant at his residence.

18. Lewis stated that there was approximately $26,000.00 (the defendant currency) located in the safe at his residence. Lewis was informed that, at this point in the investigation, the money would be seized as drug proceeds. With reference to the money, Lewis stated "come on man, you know it's all going to be dirty".

19. During the interview, Lewis gave verbal consent to search the phones located on his (Lewis') person and inside his (Lewis') residence.

20. The Pennsylvania OAG investigator requested consent to search his vehicle. Lewis granted permission to do so, and a Crown Royale bag was retrieved from the center console. The bag was empty, but had "the emanating odor of cocaine". The Pennsylvania OAG

investigator asked Lewis if he used the Crown Royale bag to conceal drugs. Lewis stated that he did and that the bag had contained the cocaine [namely, a "ball" (3.5 grams of cocaine)] he recently sold to a female named [redacted] for $200.00.

21. At approximately 8:10 p.m. on May 28, 2019, members of the DEA Youngstown Resident Office executed the federal search warrant at Lewis' Raccoon Drive NE, Warren, Ohio residence. Among other things, the execution of the search warrant resulted in the seizure of the following items:

- a.) blue plastic baggie containing cocaine (lab analysis pending) residue. The item was seized from behind a dresser drawer in the master bedroom.
- b.) razor blade knife with cocaine (lab analysis pending) residue. The item was seized from a dresser drawer in the master bedroom.
- c.) digital scale with cocaine (lab analysis pending) residue. The item was seized from a dresser drawer in the master bedroom.
- d.) knotted plastic baggie containing powder cocaine (lab analysis pending), weighing approximately one gram. The item was seized from a dresser drawer in the master bedroom.
- e.) plastic baggie containing powder cocaine (lab analysis pending) residue. The item was seized from a drawer of a nightstand in the master bedroom.
- f.) the defendant $26,000.00 U.S. Currency. The currency was seized from an (unlocked) safe, located on top of the armoire in the master bedroom. The currency was rubber-banded together in bundles.
- g.) the defendant 2010 Cadillac DTS. The vehicle was seized from the attached garage of the residence.
- h.) black cell phone belonging to Michael Lewis. The cell phone was seized from a nightstand in the master bedroom.

22. Thereafter, it was determined that the specific breakdown of the defendant $26,000.00 U.S. Currency was as follows:

- 54 ($100.00) bills

- 51 ($50.00) bills
- 899 ($20.00) bills
- 6 ($10.00) bills, and
- 2 ($5.00) bills.

23. $20.00 bills frequently are used to conduct illegal drug transactions.

24. As alleged in paragraph 19, above, during the interview with the Pennsylvania OAG and Pennsylvania State Police, Lewis gave verbal consent to search the phone located inside his (Lewis') residence.

25. Photographs were taken of text message conversations obtained from Lewis' cell phone. The conversations are indicative of narcotics trafficking, and included the following examples:

    a.) *Person texting with Lewis*: How much for a g

    *Lewis*: 60

    *Person texting with Lewis*: I need one I'm leaving my house in five minutes I live right off of East market so it won't take me long to get there

    *Person texting with Lewis*: I'm on my way

    b.) *Person texting with Lewis*: Ready

    *Lewis*: 3 right

    *Person texting with Lewis*: 2

    *Lewis*: Ok

    c.) *Person texting with Lewis*: Ready

    *Lewis*: What this time

    *Person texting with Lewis*: 2

    *Lewis*: Done

d.)     *Person texting with Lewis*: Quarter hard work. N a 50 for me soft

        *Lewis*: Okay

e.)     *Person texting with Lewis*: How much for everything

        *Lewis*: 4

f.)     *Lewis*: I might be able to a little later but right now I have to get here to sleep

        *Person texting with Lewis*: OK. that would be great. we got 300. just let me know. thank you so much

        *Lewis*: Ok

## CONCLUSION

26.     By reason of the foregoing, the defendant $26,000.00 U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds traceable to illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

27.     By reason of the foregoing, the defendant 2010 Cadillac DTS, Ohio plate: HRV8926, VIN: 1G6KD5EY2AU133719, is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(4) in that: (i) it was used to transport a controlled substance (crack cocaine); and/or, (ii) it was used, in any manner, to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance (crack cocaine).

WHEREFORE, plaintiff, the United States of America, respectfully requests that this Court enter judgment condemning the defendant properties and forfeiting them to the United States, and providing that the defendant properties be delivered into the custody of the United

States Marshals Service for disposition according to law, and for such other relief as this Court may deem proper.

>Respectfully submitted,
>
>Justin E. Herdman
>U.S. Attorney, Northern District of Ohio
>
>By: _____
>James L. Morford (Ohio: 0005657)
>Assistant United States Attorney, N.D. Ohio
>Carl B. Stokes U.S. Court House
>801 West Superior Avenue, Suite 400
>Cleveland, Ohio 44113
>216.622.3743 / Fax: 216.522.7499
>James.Morford@usdoj.gov

## VERIFICATION

STATE OF OHIO         )
                      ) SS.
COUNTY OF CUYAHOGA    )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this 4th day of November, 2019.

_____
Notary Public

Anna J. Dudas
Notary Public, State of Ohio
My Commission Expires 12-5-2021

9